### RICE v. BRAGASSA MOTOR CO.

No. 24093.   Oct. 20, 1936.

S. C. Edmister, for plaintiff in error.

Chas. A. Holden and G. C. McDonald, for defendant in error.

PER CURIAM. The Braggassa Motor Company, as plaintiff, sued Carl L. Rice, as defendant, in the court of common pleas of Tulsa county, Okla., to recover possession of a certain automobile on a conditional sales contract securing the payment of the sum of $975, and sued out a writ of replevin.

The parties will be referred to in this opinion as they appear in the trial court. Defendant filed an answer and cross-action alleging that he bought a used automobile for the sum of $1,475, paying the difference between that sum and the note here involved in this action in cash and trade. Defendant further alleges that the car purchased was not as represented, in that instead of having been driven 17,000 miles as disclosed by the speedometer reading, the car had been in fact driven 26,000 or 27,000 miles, and the battery and some other parts of the car were in bad shape and had to be replaced shortly after he purchased it at an expense of $40, and the car was worth $500 less than if it had been as represented, and alleging that plaintiff misrepresented the condition of the car to his damage in the total sum of $540. Defendant alleges a tender of the actual value of the car after deduction of the alleged difference in value on account of the misrepresentations of the plaintiff. To this answer and cross-petition the plaintiff filed a general denial, and this cause was tried in the court of common pleas in Tulsa county, Okla. At the conclusion of the trial plaintiff presented a demurrer and moved that the court instruct the jury to return a verdict in favor of the plaintiff, which demurrer was sustained to the evidence of the defendant and the jury directed to return a verdict in favor of the plaintiff.

In addition to the oral testimony offered and in addition to the note and conditional sales contract, there was offered in evidence a purchase order designated as "car order," by the terms of which purchase order defendant purchased the used car in question. The purchase order contains, among other things, the following language:

"New cars are sold under Standard Warranty of National Automobile Chamber of Commerce. Used cars sold 'as is'."

Defendant testified that shortly after purchasing the car he was compelled to have some work done on the battery and purchased some new cables at a cost of $40; that the reading on the speedometer at the time of purchase was approximately 17,000 miles, and that his attention was called to that by the salesman of the plaintiff; that a few days later he discovered a poster or sticker on the car from Colorado with some pencil figures thereon of some 26,000 odd miles. He also testified that pasted on the doorjam was a memorandum or record for change of oil which showed when the car door was opened and was concealed when the door was closed, and this oil change record, or memorandum, had written thereon the figures approximately 27,000 miles. The evidence wholly fails to show that plaintiff, at the time of the sale of the car to the defendant, had any knowledge of any different, or greater, mileage than that shown by the speedometer, and the evidence further is wholly lacking that the plaintiff had any knowledge of either the Colorado sticker or poster, or the mileage record for the change of oil. Neither does the evidence show that the pencil figures written upon either the Colorado poster or the mileage record for change of oil was the true mileage the car had been driven instead of approximately the 17,000 miles as reflected by the reading of the speedometer. The evidence further fails to show that if there were any defects in the car at the time of the sale of the same by plaintiff to defendant, the plaintiff had knowledge of such defects and with such knowledge concealed the same from the defendant, and the evidence wholly fails to disclose any fraudulent conduct on the part of the plaintiff, or misrepresentations on the part of the plaintiff. It is true that the evidence does disclose that the salesman of the plaintiff "told him the good points of the car." The salesman testified that the car was in good condition; that it had been all checked over, and he drove it out to Mr. Rice's place and Mr. Rice had ample opportunity to inspect the car himself, although the evidence does not appear to show any extensive demonstration or driving of the car by the defendant prior to his purchase.

A number of errors are assigned by ap-

pellant as cause for reversal, but, as we view it, only two of the assignments are necessary to be considered herein: First, that the court erred in overruling the motion of the plaintiff in error for a new trial; and second, that the court erred in sustaining the demurrer of the plaintiff in error to the evidence of the defendant in error, and these two assignments may, for the purpose of this opinion, be treated as one.

Defendant cited authorities, among them the case of Mercantile Trust Co. v. Roland, 143 Okla. 190, 288 P. 300, wherein the court cited with approval certain cases holding that an oral warranty of a seller that a machine was fit for use in a particular territory could be set up as a defense in a suit for purchase money for certain machines sold upon a written warranty, which written warranty excluded all other warranties. With this contention we find no fault, and the testimony of defendant in this respect was admitted without objection. The only testimony offered by the defendant which was not admitted was that the defendant offered to prove the difference between the value of a car which had been driven 17,000 miles and one which had been driven 27,000 miles, and the objection to the evidence was sustained. It was probably sustained for the reason that the question was based on a statement of facts not established by the evidence.

The evidence in this case discloses at best a mere suspicion that possibly the automobile had been driven 27,000 miles, instead of 17,000 miles, as disclosed by the speedometer, but nowhere does the evidence disclose by any competent witness that the true mileage on the automobile was 26,000 or 27,000 miles instead of 17,000 miles. It is a settled rule of law that mere suspicion of knowledge of the existence of a fact is insufficient to establish an actual existence or truth of fact.

It is quite evident from the state of this record that the trial court sustained the demurrer to the defendant's testimony and directed the jury to return a verdict in favor of the plaintiff for the sole reason that the evidence of the defendant wholly failed to disclose a breach of warranty or any misrepresentation knowingly made on the part of the plaintiff concerning the true condition of the automobile. It is true defendant's evidence does disclose that he spent $40 in repairs upon a used automobile, for which he paid, or agreed to pay, the sum of $1,475, shortly after his purchase of the same, but this, in our judgment, is insufficient to raise an issue to go to the jury. It

is, we think, a matter of common knowledge that when a person purchases a used automobile, he is purchasing secondhand goods; that he is purchasing machinery and equipment which have been used, and the value of new machinery and a new automobile is not present. It is impossible to say how long any of the parts of a used car may last, or, to put it in other words, how soon it will be necessary to replace one or more parts of the used machine, but it is well known to the general public that such replacements and repairs will have to be made much quicker than would be necessary to renew and replace parts on a new car, and this element is a part of the risk which the purchaser of a used automobile must necessarily take.

We find no error presented by this record, and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. B. Garrett, John B. Wilson, and E. E. Gore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garrett and approved by Mr. Wilson and Mr. Gore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.